WILLIAM T. NEWMAN

*v.*

MARTIN VAN DUYNE et al.

1. A constable's return on an execution—"Montville, April 12th, 1886. I return the within execution unsatisfied; found no goods and chattels on which to levy "—is sufficient for the purpose of docketing the judgment in the ·court of common pleas.

2. An allegation in a creditor's bill attacking his debtor's conveyance of lands for fraud, that such conveyance was made to protect the land from the ·claim of complainant, or the other creditors, is sufficient, without also alleging ·whether complainant's claim was recovered before or after such conveyance.

Creditor's bill. On general demurrer.

*Mr. J. S. Salmon*, for demurrant.

THE CHANCELLOR.

Two grounds of demurrer are assigned. One is that the complainant's judgment, which is a judgment of the court for the trial of small causes, docketed in the court of common pleas, is

Newman v. Van Duyne.

not valid because of the insufficiency, for the purpose of docketing, of the return of the constable upon the execution issued out of the justice's court. The other is that the conveyance, the validity of which is attacked, was made before the complainant began his suit at law.

The return of the constable is as follows:

"MONTVILLE, April 12th, 1886.

"I return the within execution unsatisfied; found no goods and chattels on which to levy."

This return is sufficient. *Poineer* v. *Bagnall*, decided at the November term, 1886, of the court of errors and appeals. *20 Vr. 226*. In that case the return was:

"I return the within execution this 25th day of September, 1872, unsatisfied, no goods or chattels found within my county belonging to the defendant to make any part of the debt and costs on this execution, except that which is exempt by law."

The court, in disapproving the case of *Matthews* v. *Miller, 18 Vr. 414*, draws a distinction between cases where, as in *Tasto* v. *Klopping, 14 Vr. 448*, and *Freichnecht* v. *Meyer, 12 Stew. Eq. 551*, the return indicates that there were some unexempted goods found whereon to levy, and on which no levy was made, and cases where it appears by the return that no goods were found.

As to the other objection, the bill alleges that the judgment debtor fraudulently conveyed the property, which the complainant seeks to reach, to his son, in 1880, for his, the grantor's, own use and benefit, and to protect it from the claim of the complainant, or those of others of his creditors. It may be added that it does not appear when the complainant's debt was contracted, whether before or after the conveyance. But if the conveyance was made in trust for the debtor, it makes no difference whether the debt was contracted before or after the making of the conveyance. The demurrer will be overruled.